

**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF ILLINOIS
219 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS 60604

**THOMAS G. BRUTON**
**CLERK**

312-435-6860

August 23, 2021

Gino P. Naughton
Naughton Law
7220 W. 194th St.
Tinley Park, IL 60487
naughtonlaw@yahoo.com

Sarah A. Naughton
Naughton Law Office
Suite 103
7220 W. 194th Street
Tinley Park, IL 60487
sarah@naughtonlaw.net

James P. Balog
O'Hagan Meyer, LLC
One E. Wacker Drive
Suite 3400
Chicago, IL 60601
jbalog@ohaganmeyer.com

Aimee B. Roby
O'Hagan Meyer, LLC
One E. Wacker Drive
Suite 3400
Chicago, IL 60601
aroby@ohaganmeyer.com

Heather L Keil
O'Hagan LLC
1 E. Wacker Dr.
#3400
Chicago, IL 60601
hkeil@ohaganlaw.com

Kimberly M. Haskell
O'Hagan Meyer, LLC
One E. Wacker Drive
Suite 3400
Chicago, IL 60601
khaskell@ohaganmeyer.com

Mary T Yong
Doherty & Progar
200 West Adams St.
Suite 2220
Chicago, IL 60606
mty@doherty-progar.com

**In re:** *Joann Martin v. Wal-Mart Stores, Inc.*
**Case No. 1-15-cv-07805**

Dear Counsel:

I have been contacted by Judge Andrea R. Wood, who presided over the above-referenced case.

Judge Wood has informed me that it has been brought to her attention that while she presided over this case she or her spouse owned stock in Wal-Mart Stores, Inc. Judge Wood no longer had any financial interest in Wal-Mart Stores, Inc. after November 4, 2016. The case was subsequently resolved through a settlement and dismissed by stipulation of the parties on January 24, 2018. Judge Wood's financial interest neither affected nor impacted her decisions in the case. However, the stock ownership would have required

recusal under the Code of Conduct for United States Judges. Thus, Judge Wood directed that I notify the parties of the conflict.

[Advisory Opinion 71](), from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing grounds for disqualification that are not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained that "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

With Advisory Opinion 71 in mind, you are invited to respond to Judge Wood's disclosure of a conflict. Should you wish to respond, please submit your response on or before **September 23, 2021**. Any response will be considered by another judge of this court without the participation of Judge Wood.

Sincerely,

*Thomas G. Bruton*
Clerk of Court